UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marc Sidaros, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| Consumer Recovery Associates, LLC, | ) |
| and John Doe, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**JURY TRIAL DEMANDED**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Marc Sidaros (hereinafter "Plaintiff"), is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Consumer Recovery Associates, LLC (hereinafter "Defendant CRA"), is a collection agency operating from an address of 2697 International Parkway #260, Virginia Beach, VA 23452-7803 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe (hereinafter "Defendant Doe"), is a natural person employed by Defendant CRA is a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to July 2008, upon information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant CRA for collection from Plaintiff.

9. Upon information and belief, Defendant started a collection campaign in attempt to collect the alleged debt from the Plaintiff.

10. Upon information and belief, Defendant Doe left telephone messages for Plaintiff on July 29, 2008 and on two occasions on July 30, 2009, stating that

> Defendant CRA was calling in regards to taking a statement of the Plaintiff in a very important legal matter. Defendant CRA did not disclose the required debt collector notification.

11. Upon information and belief, on July 30, 2008, attorney Mark L. Vavreck contacted Defendant CRA to inform them that he legally represents Plaintiff.

12. Upon information and belief, Defendant Doe attempted to contact Plaintiff on August 14, 2008.

13. The conduct of Defendants by causing the phone to ring or engage any person in telephone conversations repeatedly, after it knows the consumer to be represented by an attorney, threaten legal action that cannot legally be taken, and failing to communicate the required debt collector notification is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692c(a)(2), 1692d, 1692e, 1692e(5), 1692e(11) and 1692f amongst others.

## Respondeat Superior Liability

14. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant CRA who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CRA.

15. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these

agents were authorized to perform by Defendant CRA in collecting consumer debts.

16. By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant CRA.

17. Defendant CRA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

18. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

**TRIAL BY JURY**

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 ET SEQ.**

20. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22. As a result of Defendants' foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

23. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

24. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

25. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

26. actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

27. such other and further relief as may be just and proper.

Dated: July 10, 2009            **MARTINEAU, GONKO & VAVRECK, PLLC**

   s/ Mark L. Vavreck                              .
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:  (612) 659-9220
mvavreck@mgvlawfirm.com

**ATTORNEY FOR PLAINTIFF**